# SUPREME JUDICIAL COURT

##### FOR THE

## COUNTY OF WORCESTER, OCTOBER TERM 1854, AT WORCESTER.

———

###### PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. BENJAMIN F. THOMAS, } Justices.
Hon. PLINY MERRICK,

———

## COMMONWEALTH *vs.* HORACE PARK.
### SAME *vs.* PETER K. REED.

An indictment or complaint, which alleges that the defendant sold spirituous or intoxicating liquor, without any legal authority, contrary to *St.* 1852, *c.* 322, § 7, is supported by proof that he sold it by his clerk, servant or agent.

PARK was indicted for a single sale of intoxicating liquor to Benjamin Richardson, without having any license or appointment that legally authorized him so to do. At the trial in the court of common pleas, before *Bishop*, J. the evidence was that Richardson called for gin, at the bar of the defendant, an innkeeper, and received it of some one whom he did not know;

and that, as he was leaving the inn, he paid the defendant for the gin. The defendant requested the judge to instruct the jury that, as the allegation in the indictment was for a sale by Horace Park himself, and not by Horace Park through the agency of any other person, there was no evidence of a sale *prima facie*, by the defendant, unless they should be satisfied that he delivered the gin himself. But the judge refused to give this instruction, and instructed the jury that proof of delivery by authority of Park was sufficient. The jury found Park guilty, and he alleged exceptions to this instruction.

Reed, being tried in the court of common pleas, before *Metlen*, J. on a complaint for a similar offence, objected that the complaint, alleging a sale by the defendant, was not supported by evidence of a sale made not by him, but by an agent of his; and this objection being overruled by the judge, and the defendant convicted by the jury, he alleged exceptions.

*H. D. Stone*, for the defendants.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

METCALF, J. The question in these two cases, though somewhat differently presented, is in substance and effect the same, namely, whether an indictment or complaint, which alleges that A. sold spirituous or intoxicating liquor, without any legal authority, contrary to *St.* 1852, *c.* 322, § 7, is supported by proof that he sold it by his clerk, servant or agent.

It was decided, in *Commonwealth* v. *Nichols*, 10 Met. 259, that a party might be convicted, under the Rev. Sts. *c.* 47, on an indictment for the unlawful sale of spirituous liquor by a servant or agent employed in his business. The question, however, whether the indictment, in such case, should allege that the sale was by him through his servant's agency, (as, in the present case, it is contended that it should,) was not there raised nor discussed. But it is a general rule, in civil actions and in prosecutions for misdemeanors, that when a declaration or indictment alleges that a person did an act, such allegation is sustained by proof that he caused it to be done by another. 3 Stark. Ev. (4th Amer. ed.) 1582. Thus, in an action to recover damages alleged to have been caused by the defendant's

negligence in driving a carriage, proof that the damage was caused by his servant's negligence in driving it supports the allegation. *Brucker* v. *Fromont*, 6 T. R. 659. See also *Heys* v. *Heseltine*, 2 Campb. 604; *Phelps* v. *Riley*, 3 Conn. 266. So an indictment, which charges the defendant with publishing a libel, is supported by evidence that he procured another person to publish it. Archb. Crim. Pl. (5th Amer. ed.) 527, 528. *Rex* v. *Gutch*, Mood. & Malk. 437. And an indictment, which charges the defendant with selling lottery tickets, contrary to law, is supported by proof that he sold them by his servant. *Commonwealth* v. *Gillespie*, 7 S. & R. 469, 478.

*Exceptions overruled.*